IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:14-CR-72-D-3

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) **ORDER OF DETENTION PENDING** |
| | ) **TRIAL** |
| JAKYM CAMEL TIBBS, | ) |
| | ) |
| Defendant. | ) |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. At the hearing, defendant called as his only witness a task force officer ostensibly intended to testify as a witness for the government. The government called no witnesses (although it did elicit substantial testimony from the task force officer in cross-examination). For the reasons stated below, the government's motion is GRANTED.

**Background**

Defendant was charged in a five-count indictment on 22 April 2014 with: conspiracy to commit kidnapping beginning in or about February of 2014 and continuing to on or about 10 April 2014 in violation of 18 U.S.C. § 1201(c) (ct. 1); kidnapping and aiding and abetting the same beginning on or about 3 April 2014, and continuing to on or about 10 April 2014 in violation of 18 U.S.C. §§ 1201(a) and 2 (ct. 4); and using, carrying, and brandishing a firearm during and in relation to, and possessing a firearm in furtherance of, a kidnapping, and aiding and abetting the same on or about 5 April 2014 in violation of 18 U.S.C. §§ 924(c) and 2 (ct. 5). The testimony of the task force officer at the hearing substantiated the central participation of defendant in the April 2014 Plot to kidnap the ADA's father, as described in the indictment.

(*See* Indict. ¶¶ 12, 14, 15, 18, 21). His participation included assisting in the initial abduction of the victim in Wake Forest by using a stun gun against him, subduing the victim on the trip back to the Atlanta area, watching guard over the victim while held hostage in the Atlanta area, and receiving instructions from defendant Kelvin Melton to murder the victim.

## Discussion

Given the nature of the charges, the rebuttable presumption of detention in 18 U.S.C. § 3142(e)(3) applies. The court finds and defendant did not dispute that he failed to rebut the presumption of detention. In accordance with this presumption, the court finds that there is no condition or combination of conditions that will reasonably assure the appearance of defendant as required and the safety of any other person or the community before trial.

Alternatively, the court finds that the testimony presented at the hearing and the information in the pretrial services report shows by clear and convincing evidence that there is no condition or combination of conditions that would reasonably assure the appearance of defendant as required or the safety of any other person or the community if he were released. This alternative finding is based on, among other facts, the strength of the government's case against defendant, the premeditated and violent nature of the alleged offenses, and defendant's travel interstate to effect the alleged offenses and afterward their alleged commission.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an

attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 13th day of May 2014.

James E. Gates
United States Magistrate Judge